1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD G. TURAY,

                Plaintiff,

  v.

DEPARTMENT OF SOCIAL AND HEALTH SERVICES, et al.

                Defendants.

No. 10-5533RJB/JRC

REPORT AND RECOMMENDATION

**NOTED FOR:**
**September 17, 2010**

      This 42 U.S.C. §1983 Civil Rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4.

      This matter comes before the court upon plaintiff's motions for a temporary restraining order that would enjoin persons at the Special Commitment Center from preventing him from wearing dark sunglasses (Dkt. # 3).

      This action was filed less than one month ago. At the time of filing plaintiff moved for appointment of counsel. Now, prior to an order directing service, plaintiff moves for a

REPORT AND RECOMMENDATION- 1

temporary restraining order.  Plaintiff has not shown irreparable injury if his motion is denied. Further, he has not shown there is an imminent threat that his glasses will be taken.  The court recommends the motion be DENIED.

## FACTS AND PROCEDURAL HISTORY

Plaintiff alleges he is light sensitive and provides a 2009 exam in which he complains of migraines and the medical provider recommends dark glasses as part of the treatment.  Plaintiff does not provide any current information or documents showing SCC personnel have made a decision to take his glasses from him.  This motion is based on his perceptions and speculation (Dkt. # 3). The court was waiting for plaintiff to provide service forms for each defendant and this action is in its infancy.

In the Motion for Temporary Restraining Order plaintiff asks the court to prevent others at the facility from the taking his glasses, but he does not provide evidence that any medical provider at SCC, or anyone else for that matter, has made a decision to take the sun glasses from him.

## DISCUSSION

The reason for injunctive relief is to preserve the status *quo ante litem* pending a determination of the action on the merits.  Los Angeles Memorial Coliseum Com'n v. National Football League, 634 F.2d 1197, 1200 (9th Cir. 1980).  A party seeking injunctive relief must fulfill one of two standards, the "traditional" or the "alternative."  Cassim v. Bowen, 824 F.2d 791, 795 (9th  Cir. 1987).

Under the traditional standard, a court may issue preliminary relief if it finds that:  (1) unless relief is granted, the moving party will suffer irreparable injury; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4)

REPORT AND RECOMMENDATION- 2

the public interest favors granting relief.  Id.  Under the alternative standard, the moving party can meet its burden by demonstrating either:  (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in favor of the moving party.  Id.  (citations omitted).

Plaintiff fails to show any irreparable injury or that irreparable injury will occur if the relief requested is denied. Accordingly, the court recommends that the motion for a temporary restraining order be DENIED.

## CONCLUSION

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  See also, Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on September 17. 2010, as noted in the caption.

DATED this 23rd day of August, 2010.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION- 3